**DRG FUNDING CORPORATION,**
Appellant,

v.

**SECRETARY OF HOUSING AND URBAN DEVELOPMENT, et al., Appellees.**

No. 94–5150.

United States Court of Appeals,
District of Columbia Circuit.

May 21, 1996.

Before: WILLIAMS, GINSBURG and RANDOLPH, Circuit Judges.

## ORDER

PER CURIAM.

Upon consideration of appellant's petition for rehearing and of the response thereto, it is

**ORDERED** that the petition be denied.

A statement of Circuit Judge Williams concurring in the denial of the petition for rehearing is attached.

Before: WILLIAMS, GINSBURG and RANDOLPH, Circuit Judges.

STEPHEN F. WILLIAMS, Circuit Judge, concurring in the denial of rehearing:

In DRG's petition for rehearing and the Department's response, the parties have drawn attention to an additional reason why DRG's judgment is not "a judgment against the United States Government presented to the Comptroller General," the terms triggering 31 U.S.C. § 3728. Slip op. at 4–6 (Williams, J., concurring). Both parties point to U.S. General Accounting Office, Office of the General Counsel, *Principles of Federal Appropriations Law* (2d ed.1994), parts of which were cited in my prior separate opinion. In the key passage cited, GAO explains that once it receives a request for payment of a judgment, its first step is to determine "the proper source of funds for payment." *Id.* at 14–65. If that source is *not* "the judgment appropriation," i.e., the general fund created by Congress for the payment of judgments against the United States, the request package "is returned to the submitter with a brief explanation and advice as to the correct source of payment." *Id.* That course would be followed here, for the source to be tapped for DRG's judgment is HUD's General Insurance Fund. DRG argues that this sequence means the judgment is "presented" to the Comptroller General. But, as HUD points out, GAO returns inappropriately addressed packages merely as a courtesy; unlike a judgment to be paid from the judgment appropriation, a judgment such as DRG's cannot, in the nature of things, culminate in GAO's preparation of a Certificate of Settlement to be presented to the Treasury for payment. I do not think that the judgment creditor's error in such a case, with or without the GAO's courtesy in directing the creditor to the correct agency, can possibly mean that the judgment was "presented" to the Comptroller General for purposes of § 3728.